FILED
2017 Mar-03  PM 02:05
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

**CHARLES OWENS, et al.,**

     **Plaintiffs,**

**v.**

**3M COMPANY, INC., et al.,**

     **Defendants.**

**CIVIL ACTION NO. _____**

*Removed from the Circuit Court of Lawrence County, Alabama,*

**Civil Action No.: CV-2017-900015**

### NOTICE OF REMOVAL

PLEASE TAKE NOTICE that 3M Company, Inc. ("3M") and Dyneon, L.L.C. ("Dyneon") (together, "Defendants"), through undersigned counsel, hereby file this removal of the state court action entitled <u>Charles Owens, et al. v. 3M Company, et al.</u>, in the Circuit Court of Lawrence County, Alabama, Civil Action file No: CV-2017-90015, pursuant to 28 U.S.C. §§1332, 1441, and 1446. Defendant Daikin America, Inc. ("Daikin") consents to the removal of this action.[1]

**A.**      <u>**State Court Proceedings**</u>

1.     Plaintiffs, a group of over 300 individuals, commenced this action in the Circuit Court of Lawrence County, Alabama, by filing a complaint on January

---

[1] Daikin's consent to removal is attached hereto as Exhibit A.  3M, Dyneon and Daikin are the only named defendants.

30, 2017. Plaintiffs filed their First Amended Complaint on January 31, 2017 (the "Complaint").[2]

2.    Defendants were served on February 2, 2017. Defendants are filing this notice of removal less than 30 days from service.[3]

3.    No Defendants were served with the Complaint more than 30 days prior to the filing of this Notice of Removal. Accordingly, this Notice of Removal is timely filed pursuant to 28 U.S.C. §1441.[4]

4.    No further proceedings have taken place in this action.

**B.    <u>Removal Of This Action Is Proper.</u>**

5.    This case is properly removed to this Court pursuant to 28 U.S.C. §§ 1332 and 1441, because it is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest, and is between citizens of different states.

6.    Under 28 U.S.C. §1332, this Court has jurisdiction over all civil actions between citizens of different states where the matter in controversy exceeds the sum or value of $75,000. These civil actions "may be removed by the

---

[2] A copy of each pleading filed in the Circuit Court of Lawrence County, Alabama, as of the date of this notice is attached to this Notice of Removal as Exhibit B.

[3] *See* 28 U.S.C. §1446(b).

[4] A copy of this Notice of Removal as submitted to the Circuit Court of Lawrence County, Alabama is attached as Exhibit C.

defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."[5]

7.    The Complaint alleges that Defendants are or were owners and operators of manufacturing and disposal facilities in Decatur, Alabama.[6] Specifically, Plaintiffs allege that 3M and Dyneon "are releasing PFOA, PFOS and related chemicals into groundwater and surface water through which the chemicals are discharged into the Tennessee River (Wheeler Reservoir) and its tributaries."[7]

8.    Plaintiffs' Complaint also asserts claims against Daikin, alleging its facility "discharges sanitary wastewater contaminated with PFOA, PFOS, and other related chemicals to the Decatur Utilities WWTP."[8]

9.    In Count II of their Complaint, Plaintiffs allege that Defendants created a nuisance by discharging PFOA, PFOS, and related chemicals into Plaintiffs' water supply.[9]

10.    In Count III of their Complaint, Plaintiffs allege that Defendants trespassed by discharging PFOA, PFOS, and related chemicals into Plaintiffs' water supply.[10]

---

[5] 28 U.S.C. §1441(a) and (b).

[6] *See* Complaint at ¶ 11.

[7] *Id.* at ¶ 11.

[8] *Id.* at ¶ 14.

[9] *Id.* at ¶¶ 47-50.

[10] *Id.* at ¶¶ 52-56.

11.     In Count IV of their Complaint, Plaintiffs allege that Defendants acted in a wanton, willful and reckless manner in discharging PFOA, PFOS, and related chemicals into Plaintiffs' water supply.[11]

12.     In Count V of their Complaint, Plaintiffs allege that Defendants committed battery by discharging PFOA, PFOS, and related chemicals into Plaintiffs' water supply.[12]

13.     In Count VI of their Complaint, Plaintiffs seek an injunction to prevent Defendants from discharging PFOA, PFOS, and related chemicals into Plaintiffs' water supply, and requiring Defendants to remove those chemicals from the water supply.[13]

## 1.     The amount in controversy requirement is met in this action.

14.     The amount in controversy in this action "exceeds the sum or value of $75,000, exclusive of interest and costs," and thus, the amount in controversy requirement for diversity jurisdiction is met.[14]

15.     In their Complaint, Plaintiffs claim the following damages:

---

[11] *Id.* at ¶¶ 58-62.

[12] *Id.* at ¶¶ 64-68.

[13] *Id.* at ¶¶ 70-72.

[14] *See* 12 U.S.C. § 1332.

- <u>First</u>, Plaintiffs claim that they "have suffered property damages and consequential damages."[15]  Plaintiffs claim that these damages "are in excess of the jurisdictional minimum" of $10,000.[16]

- <u>Second</u>, Plaintiffs demand judgment for costs and interest.[17]

- <u>Third</u>, Plaintiffs seek punitive damages against all Defendants.[18]

- <u>Fourth</u>, in addition to the monetary damages they seek, Plaintiffs seek injunctive relief against an unspecified Defendant.[19]  Specifically, Plaintiffs seek "an Order enjoining the Defendant [sic] from continuing the conduct described above and require [sic] Defendant to take all steps necessary to remove their chemicals from Plaintiffs' water supplies and property"[20]

16.    From the scope of Plaintiffs' claims, the number of Defendants sued, and the breadth of the damages asserted by Plaintiffs, it is apparent from the face of the Complaint that at the time of this removal, Plaintiffs' claims against Defendants are likely to exceed $75,000.[21]  Even if it is not intuitive from the

---

[15] *See* Complaint at ¶ 8.

[16] *Id.* at ¶¶ 45, 50, 56, 62, 68.  *See* ALA. CODE § 12-11-30(1) (1975).

[17] *Id.* at ¶¶ 45, 50, 56, 62, 68.

[18] *See* Count IV of the Complaint.

[19] *See* Count VI of the Complaint.

[20] *Id.* at ¶ 70.

[21] *Id.* at ¶ 8.

Complaint itself that Plaintiffs' claims against Defendants are likely to exceed $75,000, the evidence, combined with reasonable inferences and deductions show the amount of alleged damages is far in excess of $75,000. Defendants' "burden in the Notice of Removal is to establish the jurisdictional amount by a preponderance of the evidence, not with legal certainty."[22]

17.    Here, Plaintiffs seek damages related to unquantified property damage and emotional distress, all of which would likely exceed the jurisdictional minimum. Further, Plaintiffs seek punitive damages as to each Defendant, along with costs and interest.[23]

18.    With respect to the additional injunctive relief that Plaintiffs seek requiring Defendants to remove chemicals from Plaintiffs' water supplies and property, the monetary cost of such efforts would be in excess of $75,000.[24]

---

[22] *Johnson v. Blackburn*, No. 2:16-CV-989-KOB, 2016 WL 5816114, at *2 (N.D. Ala. Oct. 5, 2016) (citation and internal quotations omitted). Where, as here, the court can infer the jurisdictional amount is met by a reasonable reading of the complaint, even when damages are unspecified, defendants are not required to submit evidence to meet their burden. *Id.*

[23] *See* Count IV of the Complaint; *see also Holley Equip. Co. v. Credit All. Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987) ("When determining the jurisdictional amount in controversy in diversity cases, punitive damages must be considered, unless it is apparent to a legal certainty that such cannot be recovered.").

[24] *See Leonard v. Enterprise Rent A Car*, 279 F.3d 967, 973 (11th Cir. 2002). ("The value of injunctive relief for amount in controversy purposes is the 'monetary value of the object to the litigation that would flow to the plaintiffs if the injunction were granted.'"); *Pretka v. Kolter City Plaza, II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010) (Defendant is not "required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." Instead, defendant only has to present "evidence combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations," that the value of the injunctive relief exceeds $75,000").

19.     Accordingly, Plaintiffs' claims against Defendants, if Plaintiffs are able to recover jointly against them as they seek to do, are in excess of $75,000 in the aggregate.  Moreover, even if the amounts in controversy against Defendants are not aggregated, and instead Defendants are severally liable, the amount in controversy here is still in excess of $75,000 for each individual Defendant.[25]

20.     Thus, the jurisdictional amount in controversy requirement of 28 U.S.C. §1332 is satisfied. It is clear from the face of Complaint itself and the facts asserted that the true amount in controversy is well in excess of $75,000.

### 2.     Complete diversity of citizenship exists as to all named Defendants.

21.     There is complete diversity in this matter.  Plaintiffs admit that they are individuals residing in Lawrence County, Alabama or Morgan County, Alabama.[26]  Accordingly, Alabama is the state in which Plaintiffs are domiciled and, therefore, the state of which Plaintiffs are citizens for purposes of determining diversity.

---

[25] *See e.g., Middle Tennessee News Co. v. Charnel of Cincinnati, Inc.*, 250 F.3d 1077, 1081 (7th Cir. 2001) ("In diversity cases, when there are two or more defendants, plaintiff may aggregate the amount against the defendants to satisfy the amount in controversy requirement only if the defendants are jointly liable; however, if the defendants are severally liable, plaintiff must satisfy the amount in controversy requirement against each individual defendant.").

[26] *See* Complaint at ¶ 1.

22.    3M is a Delaware corporation with its principal place of business in St. Paul, Minnesota. Therefore, for diversity purposes, it is a citizen of the States of Minnesota or Delaware.[27]

23.    Dyneon was a limited liability corporation and was owned 100 percent by 3M. On or about October 7, 2011, Dyneon filed a voluntarily cancellation with the State of Delaware Secretary of State and ceased operations. The assets of Dyneon were assigned to a division of 3M. Accordingly, Dyneon has the same citizenship as 3M.

24.    Defendant Daikin is a foreign corporation registered to do business in Alabama, with its principal place of business in Orangeburg, New York. Therefore, for diversity purposes, Daikin is a citizen of the State of New York.[28]

25.    Daikin has consented to this removal.[29]

**C.    3M Has Satisfied The Procedural Requirements For Removal**

26.    This Notice of Removal is timely filed pursuant to 28 U.S.C. §1446(b).

27.    The United States District Court for the Northern District of Alabama embraces the county in which the state court action is now pending. Therefore,

---

[27] *See* 28 U.S.C. §1332(c)(1).

[28] *See Id.*

[29] *See* Exhibit A.

this action is properly removed to this Court pursuant to 28 U.S.C. §§90(a), 1332, 1441, and 1446.

28.    The remaining Defendant consents to this removal.

29.    There is complete diversity in this action.

30.    Pursuant to 28 U.S.C. §1446(d), Defendants are filing written notice of this removal and a copy of the Notice of Removal with the clerk of the state court in which this action is currently pending and will serve a copy of this Notice of Removal and its attachments on all parties to the removed action.

WHEREFORE, Defendants respectfully remove this action from the Circuit Court of Lawrence County, Alabama, Civil Action No.: CV-2017-90015, to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

This 3rd day of March, 2017.

Respectfully submitted,

**LIGHTFOOT, FRANKLIN & WHITE, L.L.C.**

By: */s/ William S. Cox III*
M. Christian King
Harlan I. Prater, IV
William S. Cox III
William H. Brooks
400 20th Street North
Birmingham, Alabama 35203
Telephone: (205) 581-0700
Facsimile: (205) 581-0799

**COUNSEL FOR 3M COMPANY
AND DYNEON, LLC**

OF COUNSEL:
M. Christian King (KINGM4874)
ASB-4874-K71M
cking@lightfootlaw.com
Harlan I. Prater, IV (PRATH7485)
ASB-7485-T62H
hprater@lightfootlaw.com
William S. Cox, III (COXWI7592)
ASB-7592-C60W
wcox@lightfootlaw.com
William H. Brooks (BR00W333)
ASB-3330-K36W
wbrooks@lightfootlaw.com
LIGHTFOOT, FRANKLIN & WHITE, L.L.C.
The Clark Building
400 North 20th Street
Birmingham, AL  35203-3200
(205) 581-0700
(205) 581-0799 (Facsimile)

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of <u>March, 2017</u>, a copy of the foregoing

was served on all counsel of record, as listed below, via certified mail,  return

receipt requested, and placed into an official depository of the United States Postal

Service, on this the 3rd day of March, 2017.

        Lloyd W. Gathings – lgathings@gathingslaw.com
        Honora M. Gathings – hgathings@gathingslaw.com
        Donald Carroll –  dcarroll@gathingslaw.com
        Will Lattimore – wlattimore@gathingslaw.com
        Gathings Law
        2204 Lakeshore Drive, Suite 406
        Birmingham, AL 35209
        (205) 322-1201
        (205) 322-1202 – facsimile

Counsel for Daikin America, Inc.:
Steven F. Casey
Jones Walker LLP
1819 Fifth Avenue North, Suite 1100
Birmingham, AL  35203
(205) 244-5200
scasey@joneswalker.com

Christopher L. Yielding
Balch & Bingham LLP
Post Office Box 306
Birmingham, AL  35201-0306
(205) 251-8100
cyielding@balch.com


Respectfully submitted,


s/William S. Cox, III