UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **CHARLES OWENS, et al.,** )<br>)<br>**Plaintiffs,** )<br>)<br>**vs.** )<br>)<br>**3M COMPANY, INC., et al.,** )<br>)<br>**Defendants.** )<br>) | Civil Action Number<br>5:17-cv-00346-AKK |

## MEMORANDUM OPINION AND ORDER

3M Company, Inc., Daikin America, Inc., and Dyneon, L.L.C. (collectively referred to as the "Defendants") timely removed this action from the Circuit Court of Lawrence County, Alabama, claiming that jurisdiction is proper pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Doc. 1. In response, Plaintiffs, a large group of individuals with property interests receiving water from the West Morgan-East Lawrence Water and Sewer Authority (the "Authority"), filed a motion to remand, doc. 12, asserting that the Defendants had failed to establish the requisite jurisdictional amount in controversy by a preponderance of the evidence. The motion is fully briefed, docs. 26; 27, and now ripe for decision. Following careful consideration of the parties' briefs, the record, and with the benefit of oral argument, the Plaintiffs' motion is due to be granted.

## I. STANDARD OF REVIEW

Under § 1332, federal courts have subject matter jurisdiction over state law claims where there is complete diversity of citizenship and the amount in controversy exceeds $75,000 exclusive of costs and interests. "[T]he party seeking to remove the case to federal court bears the burden of establishing federal jurisdiction." *Evans v. Walter Indus., Inc.*, 449 F.3d 1159, 1164 (11th Cir. 2006). Here, there is no dispute that the complete diversity requirement of § 1332 is satisfied. Thus, this court need determine only whether the amount in controversy exceeded $75,000 at the time of removal. *See Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010).[1]

"'Where, as here, the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement.'" *Id.* at 752 (quoting *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001)). In some cases, the pleadings may clearly establish that "the amount in controversy exceeds the jurisdictional minimum, even when 'the complaint does not claim a specific

---

[1] Although this case involves numerous Plaintiffs, the Defendants make no explicit reference to the Class Action Fairness Act of 2005 ("CAFA") Pub. L. No. 109–2, 119 Stat. 4 (codified in scattered sections of 28 U.S.C.), which requires the aggregate amount in controversy to exceed $5,000,000. *See* 28 U.S.C. § 1332(d)(6). Instead, relying on *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546 (2005), the Defendants argue correctly that demonstrating that a single plaintiff's claim exceeds the threshold amount-in-controversy requirement is sufficient to establish diversity jurisdiction over the entire proceeding. *See id.* at 559 (holding that so long as one plaintiff satisfies the requirements for diversity jurisdiction "[t]he presence of other claims in the complaint, over which the district court may lack original jurisdiction, is of no moment").

amount of damages.'" *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010) (quoting *Pretka*, 608 F.3d at 754).  And, this Court is empowered to use its judicial experience and common sense to determine whether the complaint states a claim which will, more likely than not, meet the requirements of federal diversity jurisdiction.  *See id.* at 1062.  However, absent "facts or specific allegations, the amount in controversy c[an] be 'divined [only] by looking at the stars'—only through speculation—and that is impermissible."  *Pretka*, 608 F.3d at 753–54 (quoting *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1215 (11th Cir. 2007)). Accordingly, in some cases, "the removing defendant [must] provide additional evidence demonstrating that removal is proper" in order to satisfy their burden. *Roe*, 613 F.3d at 1061.

While federal courts may not shirk from their duty of exercising the jurisdiction conferred on them by Congress, they remain "courts of limited jurisdiction."  *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). Consequently, this court strictly construes removal statutes and "'all doubts about jurisdiction [are] resolved in favor of remand to state court.'"  *City of Vestavia Hills v. Gen. Fid. Ins. Co.*, 676 F.3d 1310, 1313 (11th Cir. 2012) (quoting *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999)).

## II. BACKGROUND

This action concerns a dispute between residents and property owners who obtain their water from the Authority, the Plaintiffs, and three out-of-state manufacturing corporations, the Defendants. Doc. 1-2 at 47–48. The Plaintiffs allege that the Defendants' manufacturing and disposal activities have resulted in the release of various chemicals into the Tennessee River and its tributaries, the primary source of water for the Authority. *Id.* at 48–49. The Plaintiffs aver that these chemicals are carcinogenic and can significantly impact human health, even at relatively low exposure levels. *Id.* at 49–50.

Accordingly, the Plaintiffs filed the instant complaint in the Circuit Court of Lawrence County, Alabama, asserting numerous state law claims including negligence, nuisance, trespass, wantonness, and battery. *Id.* at 44, 54–58. The complaint seeks, in addition to punitive damages, unspecified amounts of compensatory damages for emotional distress, mental anguish, and property damage. *Id.* at 54–58. The Plaintiffs also seek injunctive relief requiring the Defendants to remediate the harmful chemicals they have already introduced into the environment and to cease their allegedly unsafe business practices. *Id.* at 58–59.

The Defendants timely removed this action to this court pursuant to § 1441 and the first paragraph of § 1446(b) claiming that the requirements for diversity

jurisdiction outlined in § 1332(a) are met. Doc. 1 at 2–4. Subsequently, the Plaintiffs moved to remand the case to state court arguing that the Defendants have failed to establish by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold of $75,000. Doc. 12 at 2.

**III. DISCUSSION**

The gravamen of the Defendants jurisdictional argument is that the complaint contains serious allegations and "broadly and vaguely request[s] compensatory damages for mental anguish, emotional distress, damages to . . . real property, diminution in the value of . . . real property, . . . out of pocket expenses for bottled water and specialty water filters, [and] punitive damages." Doc. 26 at 5. Based on these contentions, the Defendants assert that common sense tells us that at least one of the Plaintiffs must assert claims satisfying the amount-in-controversy requirement. However, given the record before this court, and the lack of any specific evidence regarding the proper valuation of the Plaintiffs' claims, the court cannot make such a finding.[2]

---

[2] The only evidence, other than conclusory statements based on the face of the complaint, offered by the Defendants to support removal are four Alabama jury verdicts in which the plaintiffs were awarded more than $75,000. Doc. 26 at 7–8. The mere occurrence of a past event tells this court little about the proper evaluation of the specific claims before it now, and the Defendants' brief provides no analysis detailing the factual similarities between those cases and this one. *See id.* Indeed, a cursory review of the cases provided shows that they dealt with much more egregious circumstances than those alleged here. For example, one case involved the release of thousands of gallons of unleaded gasoline from a pipeline buried underneath the plaintiff's property. Doc. 26-1 at 3. The probabilistic injuries alleged by the Plaintiffs here are in another category altogether from the extreme incident at issue in that case. Further, because this proceeding is still

5

The Defendants primarily argue in support of removal by suggesting that the face of the complaint makes clear that the amount-in-controversy requirement is satisfied. But, the complaint does not contain an *ad damnum clause*, and only specifically asserts that the jurisdictional limit for state court proceedings, $10,000, is met. The complaint does not provide any information regarding the actual concentration of chemicals in the Plaintiffs' water-supply, the base-line level of exposure the Plaintiffs may have had to the dangerous chemicals allegedly released by the Defendants, or the specific effects increasing exposure to those chemicals may have had on the Plaintiffs or their property. Nor does the complaint offer any specific details regarding the mental anguish or emotional distress the Plaintiffs allegedly experienced. Moreover, there are no cost estimates for the provision of specialty water filters or bottled water the Plaintiffs purportedly had to purchase or any evidence showing a decline in property values based on the alleged release of chemicals into the water-supply.[3] All in all, the record is marked by a complete absence of the sort of concrete information needed to realistically assess the compensatory damages potentially available to the Plaintiffs.[4]

---

in its early stages, any direct comparison with other cases is highly uncertain and of little probative value.
[3] Despite the complaint's inclusion of substantial information regarding the deleterious effect of the various chemicals allegedly being released by the Defendants on human health, the Plaintiffs admit they have not alleged any personal injuries, and consequently would not be entitled to compensatory damages for such injuries as a general matter. Doc. 12 at 11.
[4] The Defendants further argue that because the complaint does not specifically disclaim entitlement to damages greater than $74,999.99 a presumption exists that the amount-in-

The Defendants also contend that the Plaintiffs' request for punitive damages is sufficient to create an inference that the jurisdictional amount is met. The complaint, however, does not specify the amount of these damages, and the court has no evidentiary foundation to enable it to infer the amount of punitive damages potentially at issue. *See, e.g.*, *Nolen v. JP Morgan Chase Bank, NA*, No. 2:12-cv-41-WKW, 2012 WL 4378200, at *5 (M.D. Ala. Sept. 25, 2012) (explaining that requests for mental anguish and punitive damages cannot satisfy the removing party's burden without some evidentiary foundation); *Dean v. BAC Home Loans Servicing, LP*, No. 2:11-cv-785-MEF, 2012 WL 353766, at *6 (M.D. Ala. Feb. 3, 2012) (same).

Punitive and mental anguish damages are inherently highly speculative. Allowing the mere existence of such damage claims to act as a multiplier for more easily verifiable compensatory damages "would trigger grave federalism concerns . . . [effectively expanding federal jurisdiction and] usurping the States' jurisdiction

---

controversy requirement is satisfied. It is hornbook law that federal courts have limited jurisdiction and that it is the responsibility of the removing party to establish that jurisdiction via a preponderance of the evidence. *Williams*, 269 F.3d at 1319. While certainly the fact that a plaintiff has disclaimed entitlement to awards greater than the jurisdictional threshold is relevant to the analysis, the Plaintiffs failure to do so here is of no moment in light of the absence of any meaningful information before the court to allow it to deduce that at least one of the Plaintiffs has a claim for damages meeting the minimum jurisdictional limit. The Defendants' reliance on *Smith v. State Farm Fire & Casualty Co.*, 868 F. Supp. 2d 1333 (N.D. Ala. 2012), is not persuasive because in that case the court specifically found that "the parties and the court know from their exercise of good sense and experience that the claim exceeds $75,000." *Id.* at 1335. Thus, the court's statement regarding a categorical disclaimer of any amount over the threshold requirement comes in the context of what showing would be necessary to defeat federal jurisdiction when the claim at issue self-evidently satisfies the amount-in-controversy requirement. That is manifestly not the case here.

over all but the smallest claims." *Mustafa v. Mkt. St. Mortg. Corp.*, 840 F. Supp. 2d 1287, 1292 (M.D. Ala. 2012). Accordingly, the court finds that the mere fact that the Plaintiffs request punitive damages, as well as damages for mental anguish and emotional distress, insufficient to satisfy the amount-in-controversy requirement of federal jurisdiction in the absence of any other evidence.[5]

## IV CONCLUSION AND ORDER

Ultimately, while the Defendants are correct that the court may rely on "deduction, inference, or other extrapolation" to determine the amount in controversy, those tools must be applied to specific facts and allegations in the record. *See Pretka*, 608 F.3d at 752–54. Eleventh Circuit doctrine clearly explains that "the existence of jurisdiction *should not be divined by looking to the stars.*" *Lowery*, 483 F.3d at 1215 (emphasis added). Mere conclusory allegations "that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden."

---

[5] The Defendants further contend that the Plaintiffs' request for injunctive relief indicates that more than $75,000 is in controversy because it would cost significantly more than that amount for the Defendants to remove the chemicals from the Plaintiffs' property. However, "'[w]hen a plaintiff seeks injunctive or declaratory relief, the amount in controversy is the monetary value of the object of the litigation from the plaintiff's perspective.'" *See Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir. 2003) (quoting *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1077 (11th Cir. 2000)). Accordingly, the Defendants cannot rely on the mere request for injunctive relief to satisfy the amount-in-controversy requirement as it runs into the same sorts of indeterminacy problems outlined previously. Without an evidentiary foundation for compensatory damages, it is virtually impossible to determine exactly how much value each individual plaintiff would obtain from the injunctive relief requested. This court again declines to relieve the Defendants of their burden based simply on the type of damages Plaintiffs seek in their complaint.

*Williams*, 269 F.3d at 1320. Therefore, given the complete absence of facts and specific allegations dealing with the appropriate valuation of the Plaintiffs' claims, this court cannot say that Defendants have carried their burden of establishing the jurisdictional amount in controversy by a preponderance of the evidence.

Accordingly, it is **ORDERED** that the Plaintiffs' Motion to Remand, doc. 12, is **GRANTED**. This case is **REMANDED** to the Circuit Court of Lawrence County, Alabama, pursuant to 28 U.S.C. § 1447. The Clerk of the Court is **DIRECTED** to take appropriate steps to effectuate the remand.

**DONE** the 29th day of September, 2017.

                                                  _____
                                                  **ABDUL K. KALLON**
                                          UNITED STATES DISTRICT JUDGE